

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
CLIFFORD THOMPSON,

              Plaintiff,

-against-

ANDREW CUOMO, Attorney General of
the State of New York,

              Defendant.
------------------------------------------------------------X

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM
AND ORDER

10-CV-4328 (ARR)

Ross, United States District Judge:

On September 16, 2010, plaintiff Clifford Thompson, currently incarcerated at the Otis Bantum Correctional Center ("OBCC") at Rikers Island, filed this *pro se* action pursuant to 28 U.S.C. § 2403 challenging various sections of the New York Penal Law. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directs plaintiff to file an amended complaint within 30 days as set forth below.

## **Background**

Plaintiff's statement of claim states in its entirety:

> Clifford Thompson, Plaintiff in this action, calls to the attention of the court, pursuant to Rule 5.1(a) of the Fed. R. of Civ. P. and Sec. 2403 of Title 28 of the USC, that he challenges the constitutionality of the New York Penal Law Sections (125.25, 160.05, 265.03)
>
> In particular, Clifford Thompson claim that These laws are unconstitutional because they were never certified as constitutional by the N.Y.S. supreme court, which violates the U.S. Constitution Art. VI, Sec.S (2) and (3). since I am being charged with violating these laws, I would like to subpoena the certification of these acts by the N.Y.S. supreme court as constitutional. I would also like to subpoena the Attorney General of the state of New York, Andrew Cuomo, to testify to the constitutionality of the acts.

Compl. at 2 (attached Statement of Claim). Plaintiff does not seek damages.

## Standard of Review

Pursuant to 28 U.S.C. § 1915A, the court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (discussing *sua sponte* standard of review under §1915A for prisoners).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Although a *pro se* complaint must contain sufficient factual allegations to meet the plausibility standard, it is still held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the Court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009).

## Discussion

Section 2403(b) provides that

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State

> affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.[1]

28 U.S.C. § 2403(b). Although plaintiff brings this action pursuant to § 2403 and Rule 5.1 of the Federal Rules of Civil Procedure, he fails to comply with Rule 8 of the Federal Rules of Civil Procedure. "The Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of claim showing that the pleader is entitled to relief,' and that each averment be 'concise and direct.'" Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (quoting Fed. R.Civ. P. 8(a)(2), 8(d)(1)). Even if read liberally, see Harris, 572 F.3d at 72, plaintiff has failed to plead the factual support required to sustain his complaint. Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Ashcroft, 129 S.Ct. at 1949.

## Conclusion

Accordingly, the court directs plaintiff to file an amended complaint within 30 days from the entry of this Memorandum and Order. See Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000). If plaintiff elects to file an amended complaint, that submission should be captioned "AMENDED COMPLAINT" and bear the same docket number as this order, 10-CV-4328 (ARR). The amended complaint shall replace the original complaint and shall be reviewed pursuant to 28 U.S.C. § 1915A.

---

[1] Because a state officer is a party to this action and because the court has not reached the question of whether the state laws at issue are constitutional, it is unnecessary at this time to certify this question under 28 U.S.C. § 2403. Johnson v. Artuz, 182 F.3d 900 (2d Cir. 1999) (unpub. op.); Romaine v. Rawson, No. 9:99-CV-603, 2004 WL 1013316, at *2 n.1 (N.D.N.Y. May 6, 2004).

If plaintiff fails to file an amended complaint within the time allowed, the complaint shall be dismissed without prejudice and judgment shall enter. 28 U.S.C. § 1915A(b). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: September 27, 2010
Brooklyn, New York

Service List:

Plaintiff (pro se):
Clifford Thompson
141-09-09132
O.B.C.C. 3- North
1600 Hazen Street
East Elmhurst, NY 11370