UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CLIFFORD THOMPSON,                                  10-CV-4328 (ARR)

                Plaintiff,              NOT FOR ELECTRONIC
-against-                                           OR PRINT PUBLICATION

ANDREW CUOMO, Attorney General of                   MEMORANDUM & ORDER
the State of New York,

                Defendant.
------------------------------------------------------------X
Ross, United States District Judge:

On September 16, 2010, plaintiff Clifford Thompson, incarcerated at the Otis Bantum Correctional Center ("OBCC") on Rikers Island, filed this *pro se* action challenging the constitutionality of various sections of the New York Penal Law. By Memorandum and Order dated September 27, 2010, the court granted plaintiff's request to proceed *in forma pauperis* and directed him to file an amended complaint within 30 days. On October 19, 2010, plaintiff filed an amended complaint. Plaintiff alleges he is being maliciously prosecuted and does not seek damages.

## Background

Plaintiff makes the same conclusory allegations that the New York Penal Laws are unconstitutional as in the original complaint. Am. Compl. at p.1.[1] In addition, plaintiff now makes clear that he seeks this court's intervention in his pending criminal case. Plaintiff alleges speedy trial violations, seeks subpoenas and the dismissal of his criminal case. Am. Compl. at p.2.

## Standard of Review

In reviewing the amended complaint, the court is aware that plaintiff is proceeding *pro se* and

---

[1] The amended complaint is not paginated, therefore, the Court refers to the page assigned by the Electronic Case Filing system.

that "a *pro* se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007), and that the court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, the court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

## Discussion

Although plaintiff brings this action pursuant to 28 U.S.C. § 2403, what plaintiff seeks is the court's intervention in an ongoing criminal proceeding. See Am. Compl. at p.2. In Younger v. Harris, 401 U.S. 37, 43-44 (1971), the Supreme Court held that the district court could not enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff was being prosecuted was constitutional, citing, *inter alia*, the Federalism principles central to the United States Constitution. The Second Circuit has held that "Younger abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court," Hansel v. Town Court for the Town of Springfield, N.Y., 56 F.3d 391, 393 (2d Cir. 1995), unless plaintiff can show extraordinary circumstances to warrant intervention in the ongoing proceeding.

Here, all the elements for Younger abstention are met: (i) there is a criminal case against

2

plaintiff still pending, see Am. Compl. at p.2,[2] (ii) New York has an important state interest in enforcing its criminal laws, and (iii) plaintiff is free to raise his claims of speedy trial violations, evidence tampering and constitutional violations in the pending criminal proceeding. Kugler v. Helfant, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."); Schlagler v. Phillips, 166 F.3d 439 (2d Cir. 1999) (Younger abstention applied to dismiss complaint alleging violation of criminal defendant's constitutional rights); Hansel, 56 F.3d at 393 (Younger abstention applied to dismiss complaint alleging use of non-lawyer judges in town court violated criminal defendant's constitutional rights). Moreover, no extraordinary circumstances warrant intervention.

## Conclusion

Accordingly, the action, filed *in forma pauperis*, is dismissed in its entirety pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/

_____
Allyne R. Ross
United States District Judge

Dated: October 21, 2010
       Brooklyn, New York

---

[2] Plaintiff filed a separate complaint seeking the court's intervention in the same criminal proceeding. See Thompson v. 90th Precinct, No. 10 CV 4329 (ARR) (E.D.N.Y. Sept. 28, 2010) (dismissing complaint alleging evidence tampering in pending criminal case).

3